**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

SHAKEETHA MCLAURIN,

   Plaintiff,

    v.         CASE NO. 1:26-CV-166-HAB-ALT

DEPARTMENT OF CHILD SERVICE, et
al.,

   Defendants.

**OPINION AND ORDER**

Pro se Plaintiff Shakeetha McLaurin ("McLaurin") filed a civil rights complaint against

the state Department of Child Services ("DCS") and three DCS employees alleging her

grandchildren have been placed into foster care and asking the Court to step in and have the

grandchildren placed into her care. (ECF No. 1). Along with her Complaint, McLaurin has also

filed a motion to proceed in forma pauperis. ("IFP"). (ECF No. 2).

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28

U.S.C. § 1914(a). That said, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides

indigent litigants an opportunity for meaningful access to the federal courts despite their inability

to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the

litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B). In a Chapter

7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has

income less than 150 percent of the income official poverty line. . ..” 28 U.S.C. § 1930(f)(1).[1] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) (“Courts have wide discretion to decide whether a litigant is impoverished.”). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

In her IFP form, McLaurin attests she is unmarried with no dependents and that she has no money or assets. While McLaurin does not check either the “Yes” or “No” box for whether she is employed, she does attest that she has gross earnings of $1500 per month, though the source of that income is unclear. She further lists her monthly expenses as totaling approximately $1140, and notes that she is struggling to pay her bills and several services may be disconnected soon. Thus, McLaurin appears unable to pay the filing fee.

The Court's inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

---

[1] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). McLaurin's Complaint need not provide overly detailed factual allegations, but she must provide enough factual support to raise her right to relief above a speculative level. *Twombly*, 550 U.S. at 555. Her complaint must provide more than "unadorned the-defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

McLaurin alleges her grandchildren have been removed from the care of their mother—McLaurin's daughter Ja'Lynn Brodnax—and placed into foster care with an adoption impending. (ECF No. 1) Her Complaint details the trouble she has had contacting DCS and the particular case managers assigned to this family, in part because of case managers being out of the office, and she pleads for the Court to step in before her grandchildren are adopted in June and instead have them placed into her home.

The facts underlying McLaurin's allegations are not unfamiliar to this Court; McLaurin's daughter filed her own Complaint raising similar claims, which this Court dismissed on April 8, 2026, because—among other reasons—there is no relief this Court can offer her. *See* Opinion and Order, *Brodnax v. Dep't of Child Servs.*, No. 1:26-cv-165 (N.D. Ind. April 8, 2026) (ECF No. 3). Many of those same reasons for dismissal apply here. For instance, as it was in Brodnax's case, DCS is immune from suit under the Eleventh Amendment. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Roberts v. Indiana Bureau of Motor Vehicles*, 2011 WL 6943092, at *1 (S.D. Ind. Dec. 15, 2011) ("The doctrine of sovereign immunity is embodied in the Eleventh

Amendment and bars private lawsuits in federal court against nonconsenting states, state agencies, or state officials acting in their official capacities."). As to the individual Defendants, each of whom is allegedly a current or former DCS employee connected to this family's case, while McLaurin's Complaint includes at least some factual reference to these individuals such that the Court can at least identify them, her generalized allegations that DCS workers did not return her calls fail to tie any individual defendant to any alleged unconstitutional conduct. *See Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008) (noting vague references "to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct," are insufficient); *Dickens v. Illinois*, 753 F. App'x 390, 391 (7th Cir. 2018) (affirming dismissal of pro se plaintiff's §§ 1983 and 1985 claims because of plaintiff's "failure to identify specific state actors who personally participated in the conduct of which she complains").

As with Brodnax, to the extent that McLaurin is requesting intervention in what appears to be ongoing Child in Need of Services ("CHINS") proceedings, the Court cannot do so. Under the *Younger* abstention doctrine, federal courts are directed "to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state court proceedings." *J.B. v. Woodard*, 997 F.3d 714, 721 (7th Cir. 2021) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). CHINS proceedings are precisely the type of state proceeding falling in the realm of *Younger* abstention. *See Ashley W. v. Holcomb*, 34 F.4th 58, 591 (7th Cir. 2022) (applying *Younger* to CHINS proceedings and noting "We know from [Supreme Court precedent] that *Younger* applies to state-initiated child-welfare litigation."); *see also Nicole K. by next friend Linda R. v. Stigdon*, 2020 WL 1042619, at *4 (S.D. Ind. Mar. 3, 2020) ("The better path—since Indiana courts are competent to adjudicate these federal constitutional claims—is to leave the integrated CHINS framework to the

Indiana courts.").[2] And as with Brodnax, McLaurin's ask is that the Court step into child custody matters and undo whatever decision have been made by the state regarding the care and keeping of her grandchildren. Those matters, however, must be decided by the state courts.[3]

Although courts generally permit civil plaintiffs at least one opportunity "to amend after dismissing a complaint, that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. App'x 346, 348 (7th Cir. 2016). Because McLaurin has no non-frivolous claims against any of the named defendants that can be pursued in federal court, the Court will deny her request to proceed IFP and dismiss her case without leave to amend.

**CONCLUSION**

McLaurin's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is DENIED and the Complaint (ECF No. 1) is DISMISSED without leave to amend.

**SO ORDERED** this 30th day of April 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[2] The domestic-relations exception to federal jurisdiction likely also applies. This exception "precludes federal jurisdiction when a plaintiff seeks 'one or more of the distinctive forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or an annulment, an award of child custody, a decree of alimony or child support.'" *Dawaji v. Askar*, 618 Fed. App'x 848, 860 (7th Cir. 2015) (quoting *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998); *Royal v. Wheeler*, No. 1:18-CV-412, 2019 WL 8334502, at *3 n.1 (N.D. Ind. Jan. 3, 2019) (noting the domestic relations exception "discourages federal courts from hearing cases—including both diversity and federal-question lawsuits—that would traditionally fall within the ambit of domestic-relations or family courts.").

[3] Generally, a court abstaining under *Younger* would stay the case, rather than order outright dismissal, especially in cases where a plaintiff seeks compensatory damages as "the plaintiff cannot obtain money damages as part of the ongoing state court action." *See J.B.*, 997 F.3d at 724. Because McLaurin is not requesting money damages, her complaint has failed to state a plausible claim for relief, and her requested relief is not within this Court's power, however, a stay would not be appropriate.